IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV213
(1:03CR7)

| | |
|---|---|
| TED A. NEFF, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's request that his motion pursuant to 28 U.S.C. § 2255 be considered timely filed. The motion is denied.

The Petitioner was sentenced to six months imprisonment by the undersigned on March 22, 2004, and he did not file a direct appeal. He reported to the federal correctional facility on October 19, 2004, and served his six-month sentence. Therefore, his § 2255 motion was filed after he had been released from custody. However, he remains under the terms and conditions of supervised release. *United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1592 (2005) ("Despite the fact that Defendant had served his prison sentence at the time he filed the instant petition, he was still on supervised release and therefore remained 'in custody' for that offense, thus rendering him eligible to file the instant motion.").

On May 23, 2005, the Petitioner's § 2255 motion was dismissed as untimely. He now claims he should received the benefit of "Form No. 9" and "Rule 9" although he does not provide any further citation to either criminal or civil rules of procedure. Apparently, the Petitioner refers to that portion of § 2255 which provides that the one year limitations period begins to run from the date his conviction became final or the date on which the facts supporting his claims were discovered with due diligence, whichever is later. In support of his position, he claims several reasons why his delay should be excused.

First, Petitioner claims that he learned within one to two months of being imprisoned of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the Fourth Circuit has held that *Apprendi* may not be applied retroactively to cases on collateral review. ***San-Miguel v. Dove*, 291 F.3d 257 (4th Cir.), cert. denied, 537 U.S. 938 (2002).**

Next, he claims that he did not realize until after he was incarcerated that he would lose his social security benefits. However, the Petitioner pled guilty to the charges and was advised during his Rule 11 inquiry that one of the results of his conviction would be the loss of federal benefits.

He argues that he could not obtain his legal files from his attorney until October 14, 2004, but does not explain in what manner those records led to the discovery of claims. He also claims that he suffered from back pain during this period of time, a condition which prevented him from filing the petition. The Court does not accept this argument either.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion is hereby **DENIED**.

**Signed: June 20, 2005**

Lacy H. Thornburg
United States District Judge